JUDGE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 05-5811RBL |
| Plaintiff, | ) | |
| v. | ) | MOTION TO SUPPRESS |
| DONG WAN PARK | ) | |
| Defendant. | ) | |

Defendant, Dong Park, through counsel, moves to suppress the following documents/recordings in this case.

1. All recordings and transcripts therefrom that purport a telephone conversation between Pastor Dong Wan Park, defendant, and Kyoung Hun Do.

Reason:  This Federal Court should defer to Washington law and the expectations of its citizens that in Washington all parties to a telephone conversation must give consent before such conversation can be recorded and used as evidence in a trial.

Washington is an "all party" consent state (RCW 9.73.030) and Pastor Dong

Park did not give consent to record the telephone conversation with Kyoung Hun Do.  Declaration of Pastor Dong Wan Park.

It is a crime in Washington to record a telephone conversation without all persons giving consent. RCW 9.73.080.    Evidence obtained in violation of the act is inadmissible for any purpose at trial.  RCW 9.73.050.  Washington law states that:

> (1) Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:
> (a) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;
> (b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation.
> (2) Notwithstanding subsection (1) of this section, wire communications or conversations (a) of an emergency nature, such as the reporting of a fire, medical emergency, crime, or disaster, or (b) which convey threats of extortion, blackmail, bodily harm, or other unlawful requests or demands, or (c) which occur anonymously or repeatedly or at an extremely inconvenient hour, or (d) which relate to communications by a hostage holder or barricaded person as defined in RCW 70.85.100, whether or not conversation ensues, may be recorded with the consent of one party to the conversation.
> (3) Where consent by all parties is needed pursuant to this chapter, consent shall be considered obtained whenever one party has announced to all other parties engaged in the communication or conversation, in any reasonably effective manner, that such communication or

conversation is about to be recorded or transmitted: PROVIDED, That if the conversation is to be recorded that said announcement shall also be recorded.

(4) An employee of any regularly published newspaper, magazine, wire service, radio station, or television station acting in the course of bona fide news gathering duties on a full-time or contractual or part-time basis, shall be deemed to have consent to record and divulge communications or conversations otherwise prohibited by this chapter if the consent is expressly given or if the recording or transmitting device is readily apparent or obvious to the speakers. Withdrawal of the consent after the communication has been made shall not prohibit any such employee of a newspaper, magazine, wire service, or radio or television station from divulging the communication or conversation. [1986 c 38 § 1; 1985 c 260 § 2; 1977 ex.s. c 363 § 1; 1967 ex.s. c 93 § 1.]

Plaintiff does not fit into any of the above exceptions to the "all party" consent statute. Even though federal law allows "one party consent" admissible recordings in certain circumstances (e.g., 18 U.S.C. Sec. 2511(2)(d)), it is defendant's contention that the federal law "one party consent" to a recording should only be permitted in the absence of a more restrictive state law, especially when violating the more restrictive law is a crime and the recordings and transcripts are inadmissible in state court as evidence, and when to allow such conduct by federal agents would violate Washington citizen's expectation of privacy:

Washington law offers greater privacy rights than the federal constitution. In <u>State v. Ladson</u>, 138 Wash. 2d 343, 979 P. 2d 833 (1999), the Washington

State Supreme Court stated that Article I, section 7 of the Washington Constitution is:

> explicitly broader than that of the Fourth Amendment as it "clearly recognizes an individual's right to privacy with no express limitations' " and
>
> places greater emphasis on privacy. . . . Further, while the Fourth Amendment operates on a downward ratcheting mechanism of diminishing expectations of privacy, article I, section 7, holds the line by pegging the constitutional standard to "those privacy interests which citizens of this state have held, and should be entitled to hold, safe from governmental trespass absent a warrant.

Further, the meaning of the recordings/transcripts are vague, amphibolous, and speculative, contain inadmissible hearsay, and is without foundation.

Further, the recordings are irrelevant to the charges based on the day Mr. Park signed the I-129 petitions in question.

2. All checks (personal, business, cashiers checks, money orders) to be offered into evidence by plaintiff based upon lack of relevancy, foundation, and the best evidence doctrine.  At this time, plaintiff has not given defense an exhibit list, but it appears that plaintiff plans to offer canceled checks as evidence in this case.  Plaintiff has not established the relevancy of any of the checks, especially when the payee is not defendant.  Such checks include  ck#2043, dated 12-10-02,  from J&K Seattle Services Inc. to Soon Ja Park for $1,500.00; ck#956, dated 09-06-05, from Kyoung

Hun Do to Tacoma Hope Korean Church for $1,000.00; ck#734, dated 10-12-03, from Kyung Hun Do to Tacoma Hope Korean Church for $6,000.00; ck#30707, dated 12-02-1999, from Washington First International Bank to Hope Korean Church for $24,605.87; ck#33776, dated 11-14-2000, from Washington First International Bank to Sul Yul Park for $267.76; ck#33775, dated 11-14-2000, from Washington First International Bank to Sul Yul Park for $32,400.00; ck#0340002039, dated 12-19-2002, from Young E. Park to Tacoma Hope Korean Church for $20,000.00; ck#0340002033, dated 12-17-2002, from Tae H. Kim to Tacoma Hope Korean Church for $15,000.00.

Accordingly, until plaintiff supplies defendants with its exhibit list and can show the relevance and proper foundation of such checks, and can provide defense with the originals, such checks should be suppressed from trial.

3.  Any and all documents, including immigration forms signed by defendant (e.g., Form I-129 petitions), where the originals of such documents or petitions cannot be provided to defendants or to the court.

4. All reports from the Department of Homeland Security (usually called, "Report of Investigation") because they contain hearsay, lack relevance, focus on criminal conduct of 3rd parties, and not defendant, and thus tend to try defendant as guilty by association.  Most of the reports are titled, "Jung Kim and Associates" and contain a synopsis that speaks of damaging allegations of criminal activity of Jung Kim, who

is not the defendant.

Respectfully submitted this 21st day of April, 2006.

        Pacific Law, Inc., P.S.


        By:  Ss (Glen Prior)

        By: Glen Prior, Esq, Pres. WSBA22487


## CERTIFICATION

I certify that I electronically sent the foregoing document to Katheryn Frierson, plaintiff's counsel in the above case, using the District Court's electronic filing system, at https://ecf.wawd.uscourts.gov/

        Ss. Glen Prior, Esq.