HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONG WAN PARK,

    Defendant.

Case No. CR05-5811RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Suppress [Dkt. #39].

Having considered the entirety of the records and file herein, the Court rules as follows:

The defendant is charged by way of indictment with Conspiracy to Defraud the United States, four counts of Visa Fraud, and two counts of Obstruction of Justice. The charges arise out of the government's allegations that the defendant used his position as the pastor of the Tacoma Hope Korean Church to obtain on behalf of three Korean nationals fraudulent R-1 Religious Worker Visas in return for cash payments. One of the obstruction of justice charges involves a telephone conversation with a cooperating witness who consented to the recording of the conversation. The defendant seeks to suppress the recorded conversation as well as checks, public records, and agents' reports.

The defendant argues that the recorded conversation should be suppressed because it was recorded without his consent and is therefore in violation of Washington law requiring all parties to consent to the

recording of conversations. RCW 9.73.030. He argues that admitting the conversation somehow violates the Ninth and Tenth Amendments to the United States Constitution because the evidence (the recorded conversation) was obtained in violation of state law. Defendant is mistaken.

In *United States v. Keen*, 508 F.2d 986 (9th Cir. 1974), *cert. denied* 421 U.S. 929 (1975), the Ninth Circuit addressed the admissibility in federal court of evidence obtained in violation of Washington State's consent law. The Court ruled that "wiretap evidence obtained in violation of neither the Constitution nor federal law is admissible in federal courts, even though obtained in violation of state law." *Id.* at 989. The Ninth Circuit has consistently ruled that state laws do not govern the admissibility of evidence in federal courts. *See e.g. United States v. Testa*, 548 F.2d 847, 855 (9th Cir. 1977) (rejecting a challenge similar to Park's as "decidedly without merit"); *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1373 (9th Cir. 1987) (collecting cases). As the government correctly notes, "[t]he Ninth and Tenth Amendments are not themselves sources of any additional substantive rights." (Government's Sur-Reply to Defendant's Motion to Suppress, p.2, Dkt. #42). *See Strandberg v. City of Helena*, 791 F.2d 744, 748-49 (9th Cir. 1986). And, as Chief Judge Posner has pointed out, "[t]he Ninth Amendment does not invert the supremacy clause and allow state constitutional provisions to override otherwise lawful federal statutes." *United States v. Spencer*, 160 F.3d 413, 414 (7th Cir. 1998).

Therefore, because the evidence (the recorded conversation) was not obtained in violation of the Constitution or federal law, defendant's motion to suppress based on violation of Washington law is **DENIED**.

The defendant further challenges the admissibility of the recorded conversation on the grounds that the meaning of the recording is vague and speculative, contains inadmissible hearsay, is without foundation and is irrelevant. The motion to suppress on those bases will be **DENIED** without prejudice.

The defendant also seeks to suppress checks, public records (immigration forms), and agents' reports. The motion to suppress those documents will be **DENIED** without prejudice. Therefore, it is hereby

**ORDERED** that Defendant's Motion to Suppress [Dkt. #39] is **DENIED** in part and **DENIED** without prejudice in part.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 5th day of May, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE